```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------
RODNEY DAVIS and VALERIE HOUSTON,

                    Plaintiff,
-against-                                       19 CV 2647

THE CITY OF NEW YORK, POLICE OFFICER            COMPLAINT
CHRISTOPHER ALIKHAN, SHIELD 30060,
POLICE OFFICER PATRICK OBRIEN, SHIELD           Jury Trial Demanded
27549, POLICE OFFICER NICHOLAS
GIGANTE, SHIELD 09739, POLICE OFFICER
VINCENT TULIPANO, SHIELD 4140, and
JOHN DOES NOS. 1, 2, 3, ETC., (whose
identity are unknown but who are
known to be personnel of the New York
City Police Department), all of whom
are sued individually and in their
official capacities,

                    Defendants.
----------------------------------------
```

Plaintiffs, by and through their counsel, AARON M. RUBIN, ESQ, hereby allege as follows, upon knowledge as to themselves and their acts, and as to all other matters upon information and belief:

1.  Plaintiffs bring this action to recover compensatory and punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 for violations of their civil rights under the United States Constitution caused by the conduct of Defendants.

2.  Defendants are the City of New York and POLICE OFFICER CHRISTOPHER ALIKHAN, SHIELD 30060, POLICE

OFFICER PATRICK OBRIEN, SHIELD 27549, POLICE OFFICER NICHOLAS GIGANTE, SHIELD 09739, POLICE OFFICER VINCENT TULIPANO, SHIELD 4140, and additional police officers whose identities are unknown at this time and are therefore designated as "John Doe" (collectively referred to herein as "Defendant police officers").

3. Plaintiff Rodney Davis is a 52-year old male and resident of Kings County in New York City.

4. Plaintiff Valerie Houston is a 63-year old female and resident of Kings County, and the sister of Mr. Davis.

5. On May 6, 2016, at approximately 10:30 p.m., Plaintiffs were in a vehicle near the intersection of 33 Road and Vernon Boulevard in the County of Queens.

6. Without justification, Defendant police officers removed Mr. Davis from the vehicle and threw him to the ground where they punched and kicked him repeatedly in the face, ribs, shoulder and back, causing him physical injuries.

7. Defendant police officers arrested Ms. Houston and Mr. Davis and placed them in custody, handcuffed, and transported them to the 114th Precinct.

8. At the 114th Precinct, Police Officer Gigante and other Defendant police officers smashed Mr. Davis' face

against a wall, causing him physical injuries and to fall to the ground and lose consciousness.

9. At the precinct, Defendant police officers processed Plaintiffs for their arrest, including causing their mugshots to be taken and fingerprinting.

10. Police charged Mr. Davis with the crimes of Criminal Possession of a Narcotic Drug in the Fourth Degree, in violation of Penal Law Section 220.09, Resisting Arrest, in violation of Penal Law Section 205.30, Obstruction of Governmental Administration in the Second Degree in violation of Penal Law Section 195.05, and a traffic violation for Failure to Use Headlights with Windshield Wipers, under Vehicle and Traffic Law Section 375.

11. Defendant police officers, including police officer Alikhan, charged Ms. Houston with disorderly conduct and issued her a desk appearance ticket.

12. Plaintiffs were not committing any crimes and there was no basis to effect their arrest.

13. The force used on Mr. Davis was excessive.

14. The next day on May 7, Defendant Police Officer Christopher Alikhan caused a criminal court complaint to be filed, by swearing to the truth of its contents, which contained criminal allegations of Criminal

Possession of a Controlled Substance in the Seventh Degree, in violation of Penal Law Section 220.09, Resisting Arrest, in violation of Penal Law Section 205.30, Obstruction of Governmental Administration in the Second Degree in violation of Penal Law Section 195.05, and Unlawful Fleeing a Police Officer in a Motor Vehicle in the Third Degree, under Vehicle and Traffic Law Section 375.

15. Mr. Davis was held in custody overnight until May 7 when he appeared for arraignment and was released.

16. The cases against both Mr. Davis and Ms. Houston were dismissed.

17. Jurisdiction in this Court is established pursuant to 28 U.S.C. §§ 1331 and 1343.

18. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §§ 1391(b) and (c) because the incident took place in Queens County.

19. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

20. Defendant police officers are employed by the NYPD and acted under color of state law in the course and scope of their duties and functions as agents,

employees and officers of the CITY OF NEW YORK and the New York City Police Department.

21. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. The CITY OF NEW YORK is authorized by law to maintain the New York City Police Department (hereinafter, "NYPD"), which acts as the City's agent in the area of law enforcement and for which it is ultimately responsible. The CITY OF NEW YORK assumes the risks incidental to the maintenance of the NYPD, and the employment of its police officers. Additionally, the CITY OF NEW YORK was at all times relevant herein the public employer of Defendant police officers, who are being sued in both their individual and official capacities.

**PLAINTIFFS' FEDERAL CLAIMS
AGAINST DEFENDANT POLICE OFFICERS**

22. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

23. In committing the acts and omissions complained of herein, Defendant police officers acted under color of state law to deprive Plaintiffs of their rights under the First, Fourth, Sixth and Fourteenth Amendments to

5

the United States Constitution pursuant to 42 U.S.C. Section 1983.

24. The conduct by Defendants was an abuse of process and the direct and proximate cause of Plaintiffs' false arrests, unlawful seizures and imprisonment.

25. The conduct by Defendants constituted excessive force against Plaintiff Rodney Davis.

26. The conduct by Defendants was a direct and proximate cause of Plaintiffs malicious prosecution.

### PLAINTIFFS' FEDERAL CLAIMS AGAINST CITY OF NEW YORK

27. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

28. The City of New York directly caused the Constitutional violations suffered by Plaintiffs.

29. Upon information and belief, the City of New York was aware that one or all of Defendant police officers were unfit officers who previously committed the acts alleged herein and have a propensity for unconstitutional conduct.

30. Upon information and belief, despite its knowledge of the Defendant police officers' prior conduct and propensities, the City of New York (a) exercised

deliberate indifference by failing to take remedial action, (b) failed to properly train, supervise and discipline Defendant police officers and improperly retained and utilized them, and (c) failed to adequately investigate prior complaints filed against the officers.

31.   The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. Section 1983 and the United States Constitution.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs demand the following relief jointly and severally against all defendants:

(1) Compensatory damages in an amount to be determined by a jury at trial;

(2) Punitive damages in an amount to be determined by a jury at trial;

(3) The convening and empanelling of a jury to consider the merits of the claims herein;

(4) Costs, interest and attorney's fees;

(5) Such other and further relief as this court may deem just and proper.

Dated: New York, New York
       May 5, 2019

                                      AARON M. RUBIN
                                      Attorney for Plaintiff

                                      _____/s_____
                                      BY: Aaron M. Rubin, Esq.

                                      99 Wall Street Suite 1130
                                      New York, New York 10005
                                      212) 725-4600
                                      arubin@amresquire.com